IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **SOUTHWEST OHIO REGIONAL COUNCIL OF CARPENTERS PENSION FUND** \* \* 204 NORTH GARVER ROAD MONROE, OHIO  45050 \* | CASE NO. 1:09-cv-655 | |
| and \* | | |
| **SOUTHWEST OHIO REGIONAL COUNCIL OF CARPENTERS HEALTH AND WELFARE FUND** \* \* 204 NORTH GARVER ROAD MONROE, OHIO  45050 \* | JUDGE: Bertelsman | |
| and \* | | |
| **CARPENTERS AND MILLWRIGHTS TRAINING AND EDUCATIONAL TRUST FUND** \* \* 204 NORTH GARVER ROAD MONROE, OHIO  45050 \* | **COMPLAINT** | |
| and \* | | |
| **SOUTHWEST OHIO REGIONAL COUNCIL OF CARPENTERS RETIREMENT PLAN** \* \* 204 NORTH GARVER ROAD MONROE, OHIO  45050 \* | | |
| and \* | | |
| **THE CONSTRUCTION ADVANCEMENT PROGRAM OF GREATER CINCINNATI** \* 204 NORTH GARVER ROAD MONROE, OHIO  45050 \* | | |
| and | | |
| **THE UBCJA NATIONAL HEALTH AND SAFETY FUND** 204 NORTH GARVER ROAD \* | | |

| | |
|---|---|
| **MONROE, OHIO  45050** | |
| | * |
| and | |
| | * |
| **OHIO AND VICINITY REGIONAL** | |
| **COUNCIL OF CARPENTERS** | * |
| **204 NORTH GARVER ROAD** | |
| **MONROE, OHIO  45050** | * |
| | |
| Plaintiffs, | * |
| | |
| vs. | * |
| | |
| **ADAMS CONSTRUCTION COMPANY** | * |
| **7637 PRODUCTION DRIVE** | |
| **CINCINNATI, OHIO 45237** | * |
| | |
| Defendant. | * |

## JURISDICTION AND VENUE

1. This action arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.*, hereinafter "ERISA."  Jurisdiction over suits against an employer for failing to make contributions to employee benefit funds as required is conferred upon this Court by Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, as amended by Section 306 of the Multi-Employer Pension Fund Amendment Act of 1980, 29 U.S.C. § 1145, hereinafter "MEPFA." This action also arises under Section 301(a) of the Labor Management Relations Act of 1947, hereinafter "LMRA," as amended, 29 U.S.C. §185(a), giving jurisdiction to this Court over suits for violations of a collective bargaining agreement between an employer and a labor organization.

2. The cause of action as described herein was and is currently being committed within the jurisdiction of the U.S. District Court, Southern District of Ohio, Western Division.

## PARTIES

3. Plaintiffs, Southwest Ohio Regional Council of Carpenters Pension Fund, hereinafter

"Pension Fund," and Southwest Ohio Regional Council of Carpenters Retirement Plan, hereinafter "Retirement Plan," are multi-employer benefit plans and employee pension benefit plan(s) within the meaning of ERISA § 3(2)(A)(3), 29 U.S.C. § 1002(2)(A)(3), and bring this action on behalf of the Trustees, participants and beneficiaries of said Funds.  The Pension Fund and Retirement Fund both maintain their principal place of business at 204 North Garver Road, Monroe, Ohio 45050.

4.  Plaintiffs, the Southwest Ohio Regional Council of Carpenters Health and Welfare Fund, hereinafter "Health and Welfare Fund," the Carpenters and Millwrights Training and Education Fund, hereinafter "Training Fund," the Union Construction Advancement Program of Southwest Ohio, hereinafter "Advancement Program," and the UBCJA National Health and Safety Program, hereinafter "Health and Safety Program," are multi-employer benefit plans and employee welfare benefit plan(s) within the meaning of ERISA § 3(1), (3), 29 U.S.C. §1002(1), (3), and bring this action on behalf of the Trustees, participants and beneficiaries of said Funds.  The Health and Welfare Fund, the Training Fund, the Advancement Program, and the Health and Safety Program all maintain their principal place of business at 204 North Garver Road, Monroe, Ohio 45050.

5.  Plaintiff, the Ohio and Vicinity Regional Council of Carpenters, hereinafter "Union," is a labor organization as defined in Section 2(5) of the LMRA, as amended, 29 U.S.C. §152(5), and an employee organization under ERISA § 3(4), 29 U.S.C. § 1002(4), which represents employees for the purpose of collective bargaining in an industry affecting commerce as defined in Section 2(7) of the LMRA, as amended, 29 U.S.C. §152(7).  The Union's principal place of business is 3615 Chester Avenue, Cleveland, Ohio  44114.

6.  The Defendant, Adams Construction Company, hereinafter "Adams Construction," is a corporation licensed to do business in the State of Ohio with its principal place of business located at 7637 Production Drive, Cincinnati, Ohio 45237.   At all material times herein, Defendant Adams Construction is and has been an employer as defined in Section 2(2) of the LMRA, as

amended, 29 U.S.C § 152(2), and is engaged in interstate commerce and affecting commerce as defined in Sections 3(5), (11) and (12) of ERISA, 29 U.S.C. §§ 1002(5), (11) and (12).  Defendant Adams Construction employs and has employed persons represented for the purposes of collective bargaining by Plaintiff Union.

## STATEMENT OF CLAIM

## COUNT I

(Failure to Remit Reports/Contributions)

7. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

8. For all times relevant herein, Defendant Adams Construction was a party to and agreed to abide by the terms of a collective bargaining agreement with Southwest Ohio Regional Council of Carpenters.  A copy of the collective bargaining agreement is attached hereto as Exhibit A.

9. The executed collective bargaining agreement contains provisions whereby Defendant Adams Construction agreed to make timely payments to the Pension Fund, the Retirement Plan, the Health and Welfare Fund, the Training Fund, the Advancement Program, and the Health and Safety Program, hereinafter collectively referred to as "the Carpenters," for each employee covered by the agreement.  The agreement also requires Defendant Adams Construction to deduct Union dues from the pay of each of its bargaining unit employees and remit the Union dues to Plaintiff Union on a monthly basis together with the contributions required for the other named Plaintiffs.  The agreement further requires Defendant Adams Construction to be responsible for any attorney fees, expenses and other disbursements incurred in the collection of any delinquent contributions found due and owing.

10. Defendant Adams Construction failed to make contributions for all hours worked by

certain employees to the Carpenters for the months of August through November, 2008 and thus, has failed to perform its obligations as to the terms and conditions of the aforementioned collective bargaining agreement and the Trust Agreements of some of the Plaintiffs.

11.     As a result of failure to make contributions for August through November, 2008, Defendant Adams Construction is indebted to the Plaintiffs in an amount to be determined upon an audit of Defendant Adams Construction's payroll records.  Additionally, Defendant Adams Construction is obligated to the Plaintiffs for interest on the unpaid contributions at a rate provided for by law, an additional amount equal to the greater of the interest on the unpaid contributions or twenty percent (20%) of the unpaid contributions, attorney's fees, costs of this action and other expenses of collection, all provided for by ERISA § 502(g), 29 U.S.C. § 1132(g), and the collective bargaining agreement entered into by the Defendant Adams Construction and the Trust Agreements.

12.     Despite demand that Defendant Adams Construction perform its statutory and Contractual obligations with respect to making the contributions to the Carpenters, Defendant Adams Construction has failed, neglected and refused to make contributions.  Additionally, Defendant Adams Construction has failed to submit dues to Plaintiff Union that should have been deducted from the paychecks of its bargaining unit employees.

13.     Plaintiffs have no adequate remedy at law for Defendant's refusal to comply with the terms, conditions, rules and regulations governing the Pension Fund, Health and Welfare Fund, the Training and Education Trust Fund, the Install Fund and the Retirement Fund; and unless Defendant is mandatorily compelled to specifically perform the terms of the collective bargaining agreement, Plaintiffs, their Trustees and participants will suffer irreparable harm.

## COUNT II

(Failure to Pay Liquidated Damages and Interest)

14.     Plaintiffs reallege each averment set forth above as if fully rewritten herein.

15. The terms of the collective bargaining agreement require Defendant Adams Construction to make all monthly reports and contributions before the 20th day of the month following the month in which work was performed. In the event that contributions are not made by the 20th day of the month, they are considered delinquent and subject to liquidated damages and interest charges.

16. Under § 301(a) of the LMRA, as amended, 29 U.S.C. § 185(a), this Court may hear a suit for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce. Defendant Adams Construction's failure to comply with the terms of the collective bargaining agreement constitute a breach of contract for which Plaintiffs now seek redress under § 301(a) of the LMRA.

17. For the months of August through November, 2008, Defendant Adams Construction submitted late reports and contributions to the Carpenters. Defendant Adams Construction's late submissions constitute a breach of contract, for which Defendant Adams Construction incurred liquidated damages and interest charges. Defendant Adams Construction currently owes $607.86 in liquidated damages and interest.

**WHEREFORE**, Plaintiffs demand the following relief:

A. Judgment on behalf of Plaintiffs Pension Fund, the Health and Welfare Fund, the Training Fund, the Advancement Program, the Health and Safety Fund and the Retirement Fund against Defendant for Union dues withheld by Defendant from the paychecks of its employees and for delinquent and unpaid contributions owed by Defendant to Plaintiffs for August through November, 2008, and for future dues, deductions and fringe benefits that may accrue while this action is pending

B. Judgment on behalf of Plaintiffs Pension Fund, the Health and Welfare Fund,

the Training Fund, the Advancement Program, the Health and Safety Fund and the Retirement Fund against Defendant for accumulated interest for late and/or unpaid contributions for the months of August through November, 2008, from their respective due dates of such contributions and an additional amount equal to the interest on unpaid contributions or twenty percent (20%) of the unpaid contributions, whichever is greater, plus actual attorney's fees, costs of this action and such amounts that may become due and owing during the pendency of these proceedings;

C. A preliminary and permanent injunction against Defendant mandatorily requiring the Defendant to make all payments to the Pension Fund, the Health and Welfare Fund, the Training Fund, the Advancement Program, the Health and Safety Fund, and the Retirement Fund in compliance with their contractual agreements;

D. That this Court retain jurisdiction over this cause pending compliance with all Orders;

E. An award of reasonable attorney fees incurred in connection with this action as provided for by the terms of the agreement and 29 U.S.C. § 1132(g)(2)(D);

G. An award of the costs of the audit incurred by the Plaintiffs as provided for by the terms of the collective bargaining agreement; and

H. Any other legal or equitable relief which the Court deems just.

Respectfully submitted,

The Law Office of Michael A. Ledbetter, LLC


/s/Michael A. Ledbetter_____
Michael A. Ledbetter (0068472)
Trial Attorney
Rachel R. Parisi (0071692)
Co-Counsel
9240 Marketplace Drive
Miamisburg, OH  45342
(937) 619-0900

7

(937) 619-0999 (fax)
(Counsel for Plaintiffs)